COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


GRAYLING N. BRYAN

                                      MEMORANDUM OPINION[*]
v.   Record No. 1919-02-1              PER CURIAM
                                      NOVEMBER 5, 2002
LINDA A. BRYAN


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      James A. Cales, Jr., Judge

           (Gregory Robert Wright; Wright & Associates,
           P.C., on brief), for appellant.

           (Del M. Mauhrine Brown; The Brown Law Office,
           P.C., on brief), for appellee.


     Grayling N. Bryan (husband) appeals the trial court's final

decree of divorce awarding Linda A. Bryan (wife) spousal support.

On appeal, husband contends the commissioner in chancery

(commissioner) and the trial court improperly "identified and

obtained" evidence regarding the factors of Code § 20-107.1(E).

He also argues that the commissioner and the trial court abused

their discretion in failing to "identify" these factors.  Upon

review of the record and briefs of the parties, we conclude this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In the first issue raised in husband's opening brief, husband argues that the commissioner erred in failing to consider Code § 20-107.1(E)(9) and (10) in his determination of the spousal support award. In the second issue raised in husband's opening brief, husband argues that the commissioner should be required to "make a Factor 9 and 10 inquiry when spousal support is contested" and that he failed to do that.

Husband's counsel endorsed the final divorce decree "Seen and objected to particularly as to award of spousal support." Husband's third exception in his "Exceptions to the Report of the Commissioner in Chancery" stated, "[Husband] takes exception to the recommendation of the Commissioner that [husband] be required to pay to the wife $625.00 per month as spousal support."

Neither husband's exceptions to the report of the commissioner nor his objection to the final divorce decree indicate that husband asserted to the trial court the specific arguments raised on appeal concerning Code § 20-107.1(E)(9) and (10). In addition, the record does not contain a transcript of the trial court's March 1, 2002 hearing addressing husband's exceptions to the report of the commissioner. Without a complete transcript or written statement of facts concerning that hearing, this Court has no knowledge of the arguments made by husband to the trial court at the hearing.

As appellant, husband has the burden of providing a record which substantiates his claims of error. See Jenkins v.

-

<u>Winchester Dep't of Soc. Servs.</u>, 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).  In the absence of such a record "we will not consider the point."  <u>Id.</u>  Therefore, we hold that Rule 5A:18 bars our consideration of husband's challenges to the trial court's approval of the commissioner's report.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>

-